# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LITTLE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>R. ROMAN MARIN, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:09-cv-01547-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 32<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations**

On September 1, 2009, William Little Anderson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On January 12, 2011, Plaintiff notified the Court of willingness to proceed on his cognizable claim against Defendants R. Roman Marin, K. Scott, D. Nelson, M. E. Spearman, and James Yates ("Defendants") arising at Pleasant Valley State Prison in Coalinga, California ("PVSP"), for a violation of the Fourteenth Amendment Equal Protection Clause and to dismiss all other remaining claims and defendants. Docs. 10, 11.

On April 4, 2012, Plaintiff filed a motion for preliminary injunction for allegations arising during his incarceration at Correctional Training Facility in Soledad, California ("CTF-Central"). Doc. 32. On May 25, 2012, Defendants filed a motion for summary judgment. Doc. 33. In a separate order, the Court issued findings and recommendations, recommending granting Defendants' motion for summary judgment, and dismissing this action, with prejudice.

1    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
2 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
3 balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*
4 *Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive
5 relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the
6 underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.
7 1984).

8    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
9 have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley*
10 *Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47
11 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the
12 matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only]
13 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
14 not attempt to determine the rights of persons not before the court." *Zepeda v. United States*
15 *Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

16    The pendency of this action does not give the Court jurisdiction over prison officials in
17 general or other prisons. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield*
18 *v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
19 in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S.
20 at 491-93; *Mayfield*, 599 F.3d at 969. Plaintiff's claims in this case concerned actions at Pleasant
21 Valley State Prison. Therefore, the Court lacks jurisdiction over prison officials at CTF-Central. In
22 addition, Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*,
23 555 U.S. at 20. The Court has issued findings and recommendations, recommending granting
24 Defendants' motion for summary judgment, and dismissing this action, with prejudice. Moreover,
25 Plaintiff is not under any threat of suffering an actual and imminent 'injury in fact' as he is no longer
26 housed at CTF-Central. Therefore, Plaintiff lacks standing in this action to obtain the relief sought.
27 *Summers*, 555 U.S. at 493; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992); *Mayfield*,
28 599 F.3d at 969.

1    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
2 injunction, filed April 4, 2012, should be DENIED.
3    These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fifteen (15) days**
5 after being served with these Findings and Recommendations, the parties may file written objections
6 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
7 Recommendations." A party may respond to another party's objections by filing a response within
8 **fifteen (15) days** after being served with a copy of that party's objections. The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
11 IT IS SO ORDERED.

Dated:    December 21, 2012

UNITED STATES MAGISTRATE JUDGE